41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIRST STATE UNDERWRITERS AGENCY OF NEW ENGLAND REINSURANCE
CORPORATION, Plaintiff,
v.
PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY,
WASHINGTON, Defendant-Appellant,
v.
CLASS PLAINTIFFS IN MDL-551; Chemical Bank, as Bond Fund
Trustees and Attorney in Fact for Bondholders;
Washington Public Utilities Group,
Defendants-Intervenors and
Cross-Claimants-Appellees.
 No. 93-35711.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1994.
Decided Nov. 7, 1994.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and HUFF,* District Judge
 
 
 2
 MEMORANDUM**
 
 INTRODUCTION
 
 3
 Appellant Public Utility District No. 1 of Snohomish County, Washington, (the "Snohomish PUD") appeals the district court's grant of summary judgment in favor of the Snohomish Claimants.[1] Because we conclude the Snohomish PUD did not indemnify its officers or directors, we affirm the district court's grant of summary judgment.
 
 BACKGROUND
 
 4
 In 1982 and 1983, the Snohomish PUD obtained successive one-year, claims-made policies from Harbor Insurance Company.[2] Each policy provides for $10 million in coverage. The present dispute involves insurance proceeds paid into escrow by Harbor Insurance Company. Section A of the Harbor Insurance policies provides coverage to the Snohomish PUD in the event it indemnifies its officers or directors. Section B provides for direct coverage to the individual officers and directors. The policies state that if section A coverage applies, section B coverage is excluded.
 
 
 5
 In March 1983, securities fraud litigation was commenced on behalf of purchasers of bonds which were issued to finance the construction of two nuclear power projects. In August 1988, four individuals who were either directors or on the participant committee of the Snohomish PUD settled with the plaintiffs. Pursuant to the settlement, the four individuals assigned any rights they possessed under any insurance policies to the plaintiffs. The Harbor Insurance policies purchased by the Snohomish PUD were included within the assignment.
 
 
 6
 In November 1988, the WPUG, the Klickitat PUD, the Franklin PUD, the United States, and the State of Washington entered into a Memorandum of Understanding ("MOU") with the plaintiffs. The MOU provided that the plaintiffs would assign to the Snohomish PUD "the proceeds of the 'Snohomish' insurance policies ... previously assigned to Plaintiffs pursuant to certain previously executed settlement agreements...." In a subsequent settlement agreement between these parties, the agreement recites the obligation of the plaintiffs to assign certain policies to the Snohomish PUD. The agreement, however, also notes that pursuant to a settlement agreement with the Snohomish PUD, the Snohomish PUD released the plaintiffs from the obligation to assign the proceeds. The agreement then assigned to the WPUG and the Klickitat PUD "a 50% interest in the net proceeds of any recovery" obtained under the Harbor Insurance policies.
 
 
 7
 The Snohomish PUD entered into a settlement agreement with the plaintiffs in April 1989. The agreement expressly released the plaintiffs from assigning to the Snohomish PUD the plaintiffs' interests, if any, in the Harbor Insurance policies. In consideration for this release, the plaintiffs agreed to pay the Snohomish PUD the sum of $2,682,000.
 
 
 8
 In November 1989, the Snohomish Claimants and Harbor Insurance entered into a settlement agreement which provided Harbor Insurance would pay the Snohomish Claimants $9,958,485. After the Snohomish PUD voiced its intent to seek proceeds under the Harbor Insurance policies, the sum was placed in escrow pending a resolution of the current dispute.
 
 
 9
 On November 27, 1992, the district court granted the Snohomish Claimants' summary judgment motion on their cross-complaint against the Snohomish PUD. On July 16, 1993, the district court found no just reason to delay an appeal of this order and, consequently, approved entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). The appellant filed a timely notice of appeal.
 
 DISCUSSION
 
 10
 We review de novo a grant of summary judgment. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339 (9th Cir.1989). Under Federal Rule of Civil Procedure 56(c), to succeed on a motion for summary judgment, the movant must first demonstrate "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c). If the movant meets this initial burden, the nonmovant then must demonstrate summary judgment is not appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). To make such a showing, the nonmovant must go beyond the pleadings to designate specific facts showing a genuine issue for trial. Id.
 
 
 11
 The Snohomish PUD argues it is entitled to the Harbor Insurance proceeds because it indemnified the four individual defendants who settled with the plaintiffs. We conclude the district court properly determined the Snohomish PUD had not indemnified its officers or directors and, thus, the Snohomish PUD is not entitled to the proceeds under the Harbor Insurance policies.
 
 
 12
 As found by the district court, the individual defendants did not suffer any loss for which the Snohomish PUD reimbursed them. The Snohomish PUD has not presented sufficient facts to raise a genuine issue of fact that it indemnified the individuals. The indemnification provision in the Harbor Insurance policies requires the insurance company to reimburse the Snohomish PUD when the insured indemnifies its officers or directors "for damages, judgments, settlements, costs, charges, or expenses" relating to a covered claim. In other words, the individual director or officer must suffer a loss that the insured has repaid. In this case, however, the individual directors and officers of the Snohomish PUD did not suffer such a loss. The Snohomish PUD gave up the money it might otherwise have received as the result of the relinquished claim, but that was a direct loss, not a derivative loss due to indemnification.
 
 
 13
 Further, the Harbor Insurance policies are claims-made policies. The Snohomish PUD has not presented sufficient facts to raise a genuine issue of fact that it presented a claim based on indemnification for section A coverage during the effective period of the policies. Instead, a letter submitted from the Snohomish PUD to Harbor Insurance, on August 19, 1983, appears to reference only section B of the policies. This section provides direct coverage to the officers and directors and does not provide for coverage in the event the Snohomish PUD indemnifies its officers or directors. The letter references "Harbor Insurance Company, Policy No. HI 156948 B."
 
 
 14
 Finally, the authorities cited by the Snohomish PUD do not support its argument that, by releasing its right to sue the individual defendants, the Snohomish PUD in effect indemnified the individuals. In Public Util. Dists. Utils. Sys. v. Public Util. Dist. No. 1, 771 P.2d 701 (Wash.1989), and Washington Hosp. Liab. Ins. Fund v. Public Hosp. Dist. No. 1, 795 P.2d 717 (Wash.App.1990), the courts addressed whether a particular policy covered an insured's request for indemnity when the insured brought a direct claim against its employee. The cases, however, do not support the assertion that an entity has indemnified an individual if the entity releases or forgives its claims against the individual. We, therefore, conclude the district court properly granted the Snohomish Claimants' motion for summary judgment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Marilyn L. Huff, District Judge, United States District Court for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Snohomish Claimants consist of the plaintiffs involved in the underlying federal securities litigation, the Washington Public Utilities Group (the "WPUG"), and the Klickitat Public Utility District (the "Klickitat PUD")
 
 
 [2]
 The Snohomish PUD also obtained an excess policy from First State Underwriters. That policy is not the subject of this appeal